IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VANGIE CORLETO.                                          )
                                                          )
         Plaintiff,                                       )
                                                          )
                                                          )
vs.                                                       ) Civ. No.
_____                                    )
                                                          )
                                                          )
GOVERNMENT EMPLOYEES INSURANCE COMPANY
AND JOSH BARRETT as agent for                             )
GOVERNMENT EMPLOYEES INSURANCE                            )
COMPANY.                                                  )
_____           )

**COMPLAINT FOR UNINSURED MOTORIST BENEFITS,
BREACH OF CONTRACT, INSURANCE BAD FAITH, UNFAIR
CLAIMS PRACTICES AND NEGLIGENCE**

Plaintiff VANGIE CORLETO ("Corleto"), by and through her attorneys Nieto Law

Office, for her complaint for damages states:

**PARTIES, JURISDICTION and VENUE**

1.      Corleto is a resident of Santa Fe County, New Mexico.

2.      Defendant Government Employees Insurance Company ("GEICO") is a

foreign insurance company, a non-resident of the State of New Mexico, and is duly

authorized to conduct business in New Mexico.

COMPLAINT FOR UNINSURED MOTORIST BENEFITS,
BREACH OF CONTRACT, DECLARATORY JUDGMENT
INSURANCE BAD FAITH, UNFAIR CLAIMS PRACTICES,
UNFAIR TRADE PRACTICES AND NEGLIGENCE

1

3. Defendant Josh Barrett is a resident of San Diego, California and at all material times herein was acting within his scope of employment as claims adjuster with GEICO and within his scope of authority as agent for GEICO.

4. This Court has jurisdiction over this matter and venue is proper pursuant to 28 USC Sec. 1332 as Plaintiff asserts complete diversity with the amount in controversy exceeding $75,000.00. Further, the parties are agreement that the Court has jurisdiction over this matter pursuant to the terms and provisions of Ms. Corleto's insurance contract with Defendant GEICO regarding arbitration and that the applicability of litigation on the issue is allowable under those same terms.

## FACTS (The Accident)

5. On July 20, 2014, Corleto was travelling as a passenger in a vehicle when it was struck by a vehicle being driven by Martha Vigil. Following investigation, it is undisputed that Martha Vigil was negligent in the collision by failing to stop for a red traffic signal. Defendants do not allege comparative fault on behalf of the driver of the vehicle in which Corleto was travelling as a passenger.

6. Corleto was severely injured as a result of the collision.

## INSURANCE COVERAGE

7. At the time of the collision, the vehicle driven by Martha Vigil was insured by Northwest Insurance Company, with applicable liability limits of $25,000 for bodily injury.

COMPLAINT FOR UNINSURED MOTORIST BENEFITS,
BREACH OF CONTRACT, DECLARATORY JUDGMENT
INSURANCE BAD FAITH, UNFAIR CLAIMS PRACTICES,
UNFAIR TRADE PRACTICES AND NEGLIGENCE

2

8. The Vehicle in which Corleto was travelling as a passenger had UIM insurance of $25,000.00 which was provided by Progressive Insurance.

9. Both Northwest and Progressive tendered the entirety of benefits available to Corleto, which she accepted with permission from Defendant GEICO.

10. Corleto is insured by Defendant GEICO with policy limits of $200,000.00 (Stacked).

## THE CLAIM

11. On July 24, 2015, Corleto notified Defendants that she was asserting a claim for benefits under her UIM coverage.

12. On approximately April 7, 2016, Defendants offered $50,323.87 to resolve the claim, which Corleto rejected. Defendants asserted that benefits would be paid for injury to her left shoulder only. Defendants later conceded that the right shoulder was injured by the subject collision and agreed to entertain the extension of benefits for that injury. Defendants reserved the right to seek an Independent Medical Evaluation and agreed to retain a physician for that purpose. While awaiting Corleto's appointment for the IME, Defendants, contrary to the agreement, increased their offer to resolve the entire claim to $53,000.00 in an attempt to force settlement prior to the agreed upon IME. Corleto rejected the offer and underwent the IME with Dr. Jones, the physician retained by Defendants. Despite Corleto providing detailed medical documentation regarding the injury to the right shoulder to Defendants, they instructed

COMPLAINT FOR UNINSURED MOTORIST BENEFITS,
BREACH OF CONTRACT, DECLARATORY JUDGMENT
INSURANCE BAD FAITH, UNFAIR CLAIMS PRACTICES,
UNFAIR TRADE PRACTICES AND NEGLIGENCE

3

Dr. Jones to limit his inquiry to the "AC" joint which was not affected. Based upon Dr. Jones' findings from this limited inquiry, Defendants denied benefits for the right shoulder. Through counsel, Corleto brought the oversight to Defendants' attention and requested that Dr. Jones re-examine his findings as to any and all injuries to the right shoulder caused by the subject collision. Dr. Jones opined that the right shoulder injury was caused by the subject MVA and further opined that Corleto's TMJ condition was also related. Defendant Josh Barrett, despite having no medical training, asserted his unilateral belief that he disputed the amended conclusion of Dr. Jones-Defendant GEICO's own chosen independent medical examiner. Based on the foregoing, as of the date of this Complaint, GEICO has not increased its offer of benefits.

## COUNT I. UNINSURED MOTORIST BENEFITS

13. Corleto incorporates by reference the foregoing allegations and makes them part of this Count of the Complaint.

14. The automobile accident of July 20, 2014 caused Corleto to suffer bodily injury as defined under and pursuant to the terms of her policy with Defendant GEICO.

15. Corleto is legally entitled to recover damages from Martha Vigil, the underinsured motorist, pursuant to the terms her Insurance Policy, because the acts and failures to act by Martha Vigil were negligent and caused her damage and injury.

16. Corleto is legally entitled to recover damages from Martha Vigil, the

COMPLAINT FOR UNINSURED MOTORIST BENEFITS,
BREACH OF CONTRACT, DECLARATORY JUDGMENT
INSURANCE BAD FAITH, UNFAIR CLAIMS PRACTICES,
UNFAIR TRADE PRACTICES AND NEGLIGENCE

4

underinsured motorist, because her acts and failures to act were negligent per se. At the time of the accident, there were in force and effect certain statutes and ordinances that were violated by Martha Vigil, specifically NMSA §66-8-113.

17. The aforementioned statutes were enacted for the protection of the class of persons, which includes Corleto. Martha Vigil's violation and finding of guilt and/or payment of a penalty assessment is negligence per se of this statutes\ in San Miguel County, New Mexico.

18. As a direct and proximate result of the negligence and negligence per se of Martha Vigil, the underinsured motorist, Corleto has suffered damages as follows:

- Cost of Medical Treatment;
- Loss of enjoyment of Life;
- Loss of Household Services;
- Future Medical treatment.

WHEREFORE, as to Count I, Corleto has made exhaustive attempts to reach an agreement with Defendants as to her right to benefit and the amount payable on their underinsured motorist claim. Corleto and Defendants have failed to reach an agreement within the meaning of the Contract. Corleto prays for judgment against Defendants for damages as determined by the Court at trial, together with the costs of this litigation, pre-judgment and post-judgment interest and for such other relief as the Court may deem just and proper.

## COUNT II: BREACH OF CONTRACT

COMPLAINT FOR UNINSURED MOTORIST BENEFITS,
BREACH OF CONTRACT, DECLARATORY JUDGMENT
INSURANCE BAD FAITH, UNFAIR CLAIMS PRACTICES,
UNFAIR TRADE PRACTICES AND NEGLIGENCE

5

19. Corleto incorporates by reference the foregoing allegations and makes them part of this Count of the Complaint.

20. Defendants' acts and failures to act, as enumerated above, constitute a willful breach of its Contract with Corleto.

21. As a direct and proximate result of the breach of the Contract by Defendants, Corleto has suffered monetary damages necessary to restore to her that which was lost by Defendant's breach, including but not limited to incidental damages, consequential damages and reliance damages, all to the damage of Corleto in an amount to be determined by the Court at trial.

22. Defendants' acts and failures to act, as enumerated above, constitute an unreasonable failure to pay a first party coverage claim, entitling Corleto to an award of reasonable attorney fees and costs pursuant to NMSA 1978, §39-2-1.

23. Defendants' actions were malicious, willful, reckless, wanton, oppressive, in bad faith and/or fraudulent, entitling Corleto to recover punitive damages in an amount to be determined by the Court at trial.

WHEREFORE, Corleto prays for judgment against Defendants for damages as determined by the Court at trial, together with the costs of this litigation, pre-judgment and post-judgment interest, reasonable attorney fees, punitive damages and for such other relief as the Court may deem just and proper.

COMPLAINT FOR UNINSURED MOTORIST BENEFITS,
BREACH OF CONTRACT, DECLARATORY JUDGMENT
INSURANCE BAD FAITH, UNFAIR CLAIMS PRACTICES,
UNFAIR TRADE PRACTICES AND NEGLIGENCE

6

## COUNT III: INSURANCE BAD FAITH

24. Corleto incorporates by reference the foregoing allegations and makes them part of this Count of the Complaint.

25. There is implied in every insurance policy a duty on the part of the insurance company to deal fairly with the policy holder. Fair dealing means to act honestly and in good faith in the performance of the contract. The insurance company must give equal consideration to its own interests and the interests of the policy holder.

26. An insurance company and its employees act in bad faith when they refuse to pay a claim of the policyholder for reasons which are frivolous or unfounded. In deciding whether to pay a claim, the insurance company and its employees must act reasonably under the circumstances to conduct a timely and fair investigation and evaluation of the claim. They may not unreasonably delay notification to the policyholder that the claim will be paid or denied. A failure to timely investigate, evaluate, and/or pay a claim is a bad faith breach of the duty to act honestly and in good faith in the performance of the insurance contract.

27. The acts and failures to act of Defendants, as enumerated above, constitute a breach of their duty of good faith to Corleto.

28. As a direct and proximate result of the bad faith of Defendants, Corleto has suffered compensatory damages, incidental damages and consequential damages in a monetary amount to be determined by the Court at trial.

COMPLAINT FOR UNINSURED MOTORIST BENEFITS,
BREACH OF CONTRACT, DECLARATORY JUDGMENT
INSURANCE BAD FAITH, UNFAIR CLAIMS PRACTICES,
UNFAIR TRADE PRACTICES AND NEGLIGENCE

7

29. The acts and failures to act of Defendants as enumerated above, constitute an unreasonable failure to pay a first party coverage claim, entitling Corleto to an award of reasonable attorney fees and costs pursuant to NMSA 1978, §39-2-1.

30. The actions of Defendants were malicious, willful, reckless, wanton, oppressive, in bad faith and/or fraudulent, entitling Corleto to recover punitive damages in an amount to be determined by the Court at trial.

WHEREFORE, Corleto prays for judgment against Defendants for damages as determined by the Court at trial, together with the costs of this litigation, pre-judgment and post-judgment interest, reasonable attorney fees, punitive damages and for such other relief as the Court may deem just and proper.

## COUNT IV: UNFAIR CLAIM PRACTICES

31. Corleto incorporates by reference the foregoing allegations and makes them part of this Count of the Complaint.

32. The acts and failures to act of Defendants, as enumerated above, constitute unfair claims practices which are illegal pursuant to the New Mexico Unfair Claims Practices Act, NMSA 1978, §59A-16-20 (1984):

> Any and all of the following practices with respect to claims, by an insurer or other person, knowingly committed or performed with such frequency as to indicate a general business practice, are defined as unfair and deceptive practices and are prohibited:

COMPLAINT FOR UNINSURED MOTORIST BENEFITS,
BREACH OF CONTRACT, DECLARATORY JUDGMENT
INSURANCE BAD FAITH, UNFAIR CLAIMS PRACTICES,
UNFAIR TRADE PRACTICES AND NEGLIGENCE

8

A. misrepresenting to insureds pertinent facts or policy provisions relating to coverages at issue;

B. failing to acknowledge and act reasonably promptly upon communications with respect to claims from insureds arising under policies;

C. failing to adopt and implement reasonable standards for the prompt investigation and processing of insureds' claims arising under policies;

D. failing to affirm or deny coverage of claims of insureds within a reasonable time after proof of loss requirements under the policy have been completed and submitted by the insured;

E. not attempting in good faith to effectuate prompt, fair and equitable settlements of an insured's claims in which liability has become reasonably clear; …

G. compelling insureds to institute litigation to recover amounts due under policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds when

COMPLAINT FOR UNINSURED MOTORIST BENEFITS,
BREACH OF CONTRACT, DECLARATORY JUDGMENT
INSURANCE BAD FAITH, UNFAIR CLAIMS PRACTICES,
UNFAIR TRADE PRACTICES AND NEGLIGENCE

9

    such insureds have made claims for amounts reasonably similar to amounts ultimately recovered; …

    M. failing to settle an insured's claims promptly where liability has become apparent under one portion of the policy coverage in order to influence settlement under other portion of the policy coverage; (or)

    N. failing to promptly provide an insured a reasonable explanation of the basis relied on in the policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement; …

Defendants knowingly and willfully engaged in these practices, and have engaged in these practices with such frequency as to indicate that such conduct is Defendants general business practice.

    33.    As a direct and proximate result of the unfair claims practices of Defendants, Corleto family has suffered compensatory damages, incidental damages and consequential damages in a monetary amount to be determined by the Court at trial.

    34.    The acts and failures to act of Defendants as enumerated above, constitute an unreasonable failure to pay a first party coverage claim, entitling Corleto to an award of reasonable attorney fees and costs pursuant to NMSA 1978, §39-2-1.

COMPLAINT FOR UNINSURED MOTORIST BENEFITS,
BREACH OF CONTRACT, DECLARATORY JUDGMENT
INSURANCE BAD FAITH, UNFAIR CLAIMS PRACTICES,
UNFAIR TRADE PRACTICES AND NEGLIGENCE

35. The actions of Defendants were malicious, willful, reckless, wanton, oppressive, in bad faith and/or fraudulent, entitling Corleto to recover punitive damages in an amount to be determined by the Court at trial.

WHEREFORE, Corleto prays for judgment against Defendants for damages as determined by the Court at trial, together with the costs of this litigation, pre-judgment and post-judgment interest, reasonable attorney fees, punitive damages and for such other relief as just and proper.

## COUNT V: NEGLIGENCE

36. Corleto incorporates by reference the foregoing allegations and makes them part of this Count of the Complaint.

37. Upon information and belief, Defendant Josh Barrett planned, directed and put into operation the conduct and actions that resulted in unjustified delay and denial of Corleto's claim.

38. The acts and failures to act by Barrett as enumerated above, were negligent.

39. As a direct and proximate result of the negligence of Barrett, Corleto has suffered damages as enumerated below.

The acts and failure to act by Barrett were malicious, willful, reckless, wanton, oppressive, in bad faith and/or fraudulent, entitling Corleto to recover punitive damages in an amount to be determined by the Court at trial.

WHEREFORE, Corleto prays for judgment against Defendants for damages as determined by the Court at trial, together with the costs of this litigation, pre-judgement and post-judgment interest,

COMPLAINT FOR UNINSURED MOTORIST BENEFITS,
BREACH OF CONTRACT, DECLARATORY JUDGMENT
INSURANCE BAD FAITH, UNFAIR CLAIMS PRACTICES,
UNFAIR TRADE PRACTICES AND NEGLIGENCE

11

reasonable attorney fees, punitive damages and for such other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a Jury Trial for all counts triable by Jury.

                NIETO LAW OFFICE


                By /s/ Arturo B. Nieto
                    Arturo B. Nieto
                    Attorney for Plaintiff
                    2900 Louisiana Blvd. NE Ste. E-2
                    Albuquerque, NM 87110
                    Tel: (505) 247-1973
                    Fax: (505) 247-1975

COMPLAINT FOR UNINSURED MOTORIST BENEFITS,
BREACH OF CONTRACT, DECLARATORY JUDGMENT
INSURANCE BAD FAITH, UNFAIR CLAIMS PRACTICES,
UNFAIR TRADE PRACTICES AND NEGLIGENCE

12